Opinion issued March 12, 2009   
     







 





In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00961-CR




ANGELIA KAY OBRYANT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1094989


                                                   
MEMORANDUM OPINION

            Appellant, Angelia Kay OBryant, appeals the trial court’s judgment convicting
her of aggravated robbery.


 The trial court found appellant guilty, sentenced her to
prison for 20 years, and certified that she had the right to appeal. Appellant’s counsel
on appeal seeks to withdraw and has filed a brief in which he concludes that, after an
evaluation of the record, there are no grounds that can arguably support any appeal. 
See Anders v. California, 386 U.S. 738, 744, S. Ct. 1396, 1400 (1967). This Court
must determine whether appellate counsel met the briefing and additional
requirements set forth in Anders. We affirm. 
The Anders Brief Standard
          When an appellate attorney finds his client’s appeal to be wholly frivolous after
a careful review of the case record, he should so advise this Court and file a motion
to withdraw. Anders, 386 U.S. at 744, 87 S. Ct. at 1400. A brief referring to
anything in the record that might arguably support the appeal must accompany that
motion. Id.; High v. State, 573 S.W.2d 807, 808 (Tex. Crim. App. 1978) (adopting
the Anders procedure in Texas); Meza v. State, 206 S.W.3d 684, 689 (Tex. Crim.
App. 2006) (more recently applying the Anders brief procedures). In that brief,
counsel must cite to applicable legal authorities and discuss evidence introduced at
trial with ready references to the record. Stafford v. State, 813 S.W.2d 503, 510 n.3
(Tex. Crim. App. 1991). 
          This Court cannot grant counsel’s motion to withdraw unless: (1) counsel has
served a copy of his Anders brief on his client and ensured that she is informed of her
right to file a pro se brief within 30 days; (2) counsel has notified this Court that he
performed the aforementioned duties; (3) this Court has afforded appellant adequate
time to file her pro se response; and (4) this Court has independently conducted a
review of the entire record, the Anders brief, and the pro se response, if applicable. 
In re Schulman, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008); see also Anders,
386 U.S. at 744, 87 S. Ct. at 1400.
          Due to the nature of Anders briefs, this Court does not have to review the
merits of every claim raised in an Anders brief or a pro se response. Bledsoe v. State,
178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Rather, this Court’s duty is to
determine whether there are any arguable grounds on appeal. Id. If this Court
concludes that there are arguable grounds, it must remand the case to the trial court
so it can appoint new counsel for appellant with instructions to file a brief on the
merits. Id. Otherwise, this Court must find the appeal wholly frivolous and affirm
the lower court decision. Id. at 826. 
 

Discussion
          Appellant’s counsel filed a motion to withdraw and a supporting brief. He
represents that he discussed with appellant his belief that her case is without merit.
Counsel states that he served a copy of the Anders brief on appellant. He also advised
her that she has the right to examine the appellate record and to file a pro se response
brief. More than 30 days have elapsed, and appellant has not filed a response. 
          Counsel’s Anders brief properly presents a chronological summation of the
procedural and factual history of the case. See id. at 825; High, 573 S.W.2d at 813. 
Counsel cites legal authorities, discusses the evidence introduced at trial, and
provides ready references to the record in his brief. The brief meets the remaining
requirements of Anders, presenting a professional evaluation of the record that
explains why the appeal is frivolous and there are no arguable grounds for reversal. 
See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; High, 573 S.W.2d at 812. This
Court’s independent review of the record also reveals no arguable grounds on appeal. 
See Bledsoe, 178 S.W.3d at 826–27. Trial counsel reasonably represented appellant. 
No clearly harmful evidentiary rulings are apparent. Nor is any constitutional error
evident. 
 

Conclusion
          Accordingly, we affirm the judgment of the trial court and grant counsel’s
motion to withdraw.


 Appointed counsel must immediately send the notice required
by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the
Clerk of this Court. See Tex. R. App. P. 6.5(c). 
 
 
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Bland, and Sharp.    
Do not publish. See Tex. R. App. P. 47.2(b).